United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY ANDRUS, (TDCJ–CID #1249907) Petitioner, | § § § § § § | CIVIL ACTION NO. 4:20-cv-1056 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BOBBY LUMPKIN, Respondent. | § § § | |

MEMORANDUM ON DISMISSAL

Petitioner Charles Ray Andrus fails to state grounds warranting relief on petition for a writ of *habeas corpus*. His petition is denied. Dkt 1.

1.  Background

Andrus is an inmate in the Connally Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He pleaded guilty to felony offenses of robbery and burglary of a habitation in July 2004. The 228th Judicial District Court of Harris County, Texas sentenced him to prison terms of thirty-five years for each offense in Cause Numbers 982427 and 981453, to be served concurrently.

Andrus filed a state application challenging the denial of release to parole in May 2019. The state court entered findings of fact and conclusions of law in September 2019. The Texas Court of Criminal Appeals denied relief on findings of the trial court in October 2020. https://search.txcourts.gov/Case.aspx?cn=WR-61,888-10&coa=coscca.

He filed his federal petition for a writ of *habeas corpus* under 28 USC § 2241 in March 2020. Dkt 1. He appears to contend that his sentence is void because the Texas Board of Pardons and

Paroles hasn't released him on parole. He contends that this deprivation violated his right to due process. Dkt 1 at 6.

2.   Legal standard

A district court may dismiss a petition for a writ of *habeas corpus* by a state petitioner pursuant to § 2254 before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting 28 USC foll § 2254, Rule 4.

The Antiterrorism and Effective Death Penalty Act of 1996 precludes federal relief on *habeas corpus* where the claim concerns a question of fact unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 USC § 2254(d)(2); see also *Martinez v Caldwell*, 644 F3d 238, 241–42 (5th Cir 2011) (quotations omitted). A state court's factual determinations are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 USC § 2254(e)(1).

3.   Analysis

Andrus proceeds here *pro se.* His pleadings are hard to fully understand. He doesn't appear to attack his conviction. His arguments are generously construed to assert that:

- o   *First,* the Texas Court of Criminal Appeals failed to consider new evidence, and the state court on *habeas corpus* review refused his request for a hearing to consider his new evidence;

- o   *Second,* the Texas Board of Pardons and Paroles applied an incorrect and more stringent standard when considering his eligibility for release to parole and extended his sentence;

- o   *Third,* his criminal judgment created a liberty interest in his release to parole and to mandatory supervision; and

- o   *Fourth,* the Board is violating the prohibition against *ex post facto* laws regarding his good-time credits.

Dkt 1 at 6–8.

2

a.   State court findings of fact

The state court on application by Andrus for *habeas corpus* relief made findings of fact and denied relief. It found in pertinent part:

14.  In all of his grounds for relief, the applicant alleges that the Board of Pardons and Paroles (the Board) has violated his due process rights. *Applicant's Writ at 6, 8, 10, 12, and 14.*

15.  Applicant also claims that the Board abused its discretion when denying him release. *Applicant's Writ at 8, 12, and 14.*

16.  Charley Valdez who is a program supervisor for the Classification and Records Department (CRD) of TDJC-CID has filed an affidavit regarding the applicant's allegations. *Affidavit of Charley Valdez.*

17.  The trial court finds Mr. Valdez's affidavit to be credible and reliable in all ways, and the facts asserted therein to be true.

18.  The applicant does not have a liberty interest in being released to parole that is protected by the Due Process Clause. *Ex Parte Geiken,* 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); *Gilbertson v. Tex. Bd. of Pardons and Paroles,* 993 F2d 74, 75 (5th Cir. 1993).

19.  Applicant was lasted voted for release by the Board on October 12, 2018. *Affidavit of Charley Valdez at 2.*

20.  The Board denied applicant's release for the following reasons:

a.  Record indicates repeated criminal episodes "that indicate predisposition to commit criminal acts upon release["] (reason 1D);

b.  Offense has "elements of brutality, violence, assaultive behavior, or conscious

3

selection of victim's vulnerability" indicating "a continuing threat to society" (reason 2D);

    c.  "Excessive substance use involvement" (reason 3D); and

    d.  "Unsuccessful periods on previous probation, or mandatory supervision that resulted in incarceration" (reason 5D). *Affidavit of Charley Valdez at 3.*

21. Applicant is not eligible for mandatory supervision because he is serving a sentence for robbery. TEX. GOV'T. CODE sec. 508.149(a)(11).

22. The applicant has never been released onto parole from his sentence in the primary case or cause number 0982427. *Affidavit of Charley Valdez at 3.*

23. The trial court finds the applicant's claims in the instant writ to not be cognizable since the Board's decision to grant or deny release onto parole is not subject to judicial review. *Ex parte Geiken,* 28 S.W.3d 553, 556 (Tex. Crim. App. 2000).

https://www.hcdistrictclerk.com/Common/Default.aspx (password required).

These factual findings by the state court are "presumed to be correct" unless Andrus rebuts them with "clear and convincing evidence." 28 USC § 2254(e)(1). He doesn't meet that burden.

Andrus complains that the state court on *habeas corpus* review refused his request for an evidentiary hearing. Online records don't reflect this. But even if it did, that was within its discretion. Article 11.072 of the Texas Code of Criminal Procedure addresses resolution of factual disputes in *habeas corpus* proceedings. See *Ex parte Gonzalez,* 323 SW3d 557, 561 (Tex App—Waco 2010, pet refd). It provides, "In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." Tex Code Crim Proc Ann art 11.072, § 6(b). Use

4

of the word *may* indicates a permissive (not mandatory) approach. Texas courts "have previously held that nothing in article 11.072 *requires* the trial court to conduct a hearing." *Ex parte Sheridan*, 2017 WL 1535105, *4 (Tex App—Fort Worth, no pet) (emphasis in original), citing *Ex parte Cummins*, 169 SW3d 752, 757 (Tex App—Fort Worth 2005, no pet).

Beyond this, Andrus hasn't asserted an error in the state proceeding affecting the deference owed to the state court's findings in such *habeas corpus* proceedings. The infirmities alleged as to those proceedings don't constitute grounds for *habeas corpus* relief in federal court. See *Hallmark v Johnson,* 118 F3d 1073, 1080 (5th Cir 1997), cert denied*,* 118 S Ct 576 (1997); *Nichols v Scott,* 69 F3d 1255, 1275 (5th Cir 1995). Andrus thus hasn't shown a basis for granting relief upon federal petition.

Andrus also complains that the state court didn't consider newly presented evidence. He argues that this failure counsels against according those findings of fact a presumption of correctness. He refers several times to "new evidence and changed circumstances" in his pleadings. For example, see Dkt 2 at 3, 5, 10, 16. But review of his state and federal filings discloses no description of what this supposed new evidence might be. The argument simply isn't cognizable on federal *habeas corpus* review. The factual determinations by the state court are "presumed to be correct" unless Andrus rebuts those findings with "clear and convincing evidence." 28 USC § 2254(e)(1). His vague references to new evidence don't suffice.

b. Release on parole

The United States Supreme Court holds that a state prisoner doesn't have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. See *Board of Pardons v Allen*, 482 US 369, 378 n 10 (1987). Likewise, states have no duty to establish a parole system, and so a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v Nebraska Penal and Correctional Complex*, 442 US 1, 7–8 (1979).

In line with this, the Fifth Circuit holds that there's no right to be released on parole under Texas law. *Madison v Parker*, 104 F3d 765, 768 (5th Cir 1997), citing Tex Crim P Code Ann

5

art 42.18, § 8(a) and *Allison v Kyle*, 66 F3d 71 (5th Cir 1995). It likewise holds it to be "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v Rodriguez*, 110 F3d 299, 308 (5th Cir) (collecting cases), cert denied, 522 US 995 (1997). Specifically, the Fifth Circuit holds that prisoners "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v Kyle*, 65 F3d 29, 32 (5th Cir 1995, *per curiam*), cert denied, 516 US 1059 (1996).

To the extent that he complains regarding any denial of release on parole, Andrus fails to establish a protected liberty interest. As detailed above, the Board denied Andrus parole upon its determination with respect to his future dangerousness. That determination isn't subject to question on federal *habeas corpus* review. *Orellana v Kyle*, 65 F3d 29, 32 (5th Cir 1995, *per curiam*), cert denied, 516 US 1059 (1996).

c. Release on mandatory supervision

Some inmates in Texas are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison—not on parole, but under the supervision and control of the Texas Board of Pardons and Paroles. *Madison*, 104 F3d at 768, citing Tex Crim P Code art 42.18, § 2(2). Prisoners can earn good-time credits that are added to their actual days served in prison to calculate such release date. Tex Govt Code § 508.147(a).

The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory-supervision program and therefore have a liberty interest with respect to their good-time credits. *Malchi v Thaler*, 211 F3d 953, 957–58 (5th Cir 2000); see also *Teague v Quarterman*, 482 F3d 769, 776–77 (5th Cir 2007) (citations omitted) (same conclusion as to amended version of law). But prisoners who commit certain offenses are excluded from eligibility for this privilege. See Tex Govt Code § 508.149(a) (listing offenses).

Andrus is serving a sentence for the offense of robbery. At the time he was incarcerated, conviction for robbery was one

such disqualification from early release under the mandatory-supervision program. See Tex Govt Code § 508.149(a)(11) (2004), read together with Tex Penal Code § 29.02 (2004). He is thus ineligible for mandatory supervision.

In this regard, Andrus also appears to argue that a parole panel was required to make a finding under Tex Govt Code § 508.149(b). Dkt 2 at 12. Not so. That section applies only to inmates who otherwise might be eligible for mandatory supervision, but who are being denied release for some other reason. This doesn't apply to Andrus because his crime of conviction simply makes him ineligible. Likewise, a parole panel wasn't required to provide a written explanation under Tex Govt Code § 508.1411. See Dkt 10 at 6. That provision pertains only upon denial of release on parole or mandatory supervision. Andrus here wasn't *denied* release on mandatory supervision. He was *ineligible* for it.

Also in this regard, Andrus appears to complain that prison officials erred in applying Texas House Bill 1433 when considering his eligibility for release on mandatory supervision. Dkt 2 at 17, 20–21. But HB 1433 didn't give parole panels any additional authority to *grant* mandatory supervision. It instead in pertinent part granted parole panels discretion to *deny* mandatory supervision to otherwise-eligible prisoners if they determined that the prisoners' good-conduct time didn't accurately reflect their potential for rehabilitation and their release would endanger the public. See *Ex parte Hill*, 208 SW3d 462, 464 n 11 (Tex Crim App 2006). And again, Andrus is simply ineligible for mandatory supervision. The TDCJ correctly applied HB 1433 when it denied him early release.

d.    *Ex post facto* violation

The federal constitution prohibits passage of *ex post facto* laws. See US Const Art I, § 9, cl 3 and Art I, § 10, cl 1. The Supreme Court reads these clauses to bar enactments which by retroactive operation increase the punishment for a crime after its commission. *Garner v Jones*, 529 US 244, 249 (2000) (citations omitted). An *ex post facto* violation thus requires that "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient

7

risk of increasing the punishment attached to the defendant's crimes." *McCall v Dretke,* 390 F3d 358, 363 (5th Cir 2004) (internal quotation omitted). Where a statute does apply retroactively, the existence of an *ex post facto* violation depends upon whether the statute constitutes additional criminal punishment for the crimes previously committed. See *Kansas v Hendricks,* 521 US 346, 370–71 (1997) (internal quotation omitted).

Andrus appears to also assert an *ex post facto* claim as to HB 1433, which amended the mandatory-supervision statute in 1995. Dkt 2 at 13, 17, 18, 20. But the offense date of his robbery was February 25, 2004. This is well after enactment. As such, Andrus can't show a retrospective change in the law to his detriment. Stated differently, Andrus fails to show that his punishment was increased by retroactive application of HB 1433 by the Board.

### 4. Evidentiary hearing

Andrus seeks an evidentiary hearing as to his challenge to the denial of release to parole. See Dkt 4.

28 USC § 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

This reflects a congressional intent "to avoid unneeded

evidentiary hearings" in federal *habeas corpus* proceedings. *Williams v Taylor*, 529 US 420, 436 (2000). The reviewing court thus has discretion to reject the need for an evidentiary hearing. See *Conner v Quarterman*, 477 F3d 287, 293 (5th Cir 2007), citing *Roberts v Dretke*, 381 F3d 491, 497 (5th Cir 2004). Rule 8 of the Rules Governing Section 2254 Cases states, "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require."

A federal *habeas corpus* petitioner can have an evidentiary hearing if a genuine factual dispute exists and the state hasn't afforded a full and fair hearing. *Clark v Johnson*, 202 F3d 760, 766 (5th Cir 2000), quoting *Perillo v Johnson*, 79 F3d 441, 444 (5th Cir 1996). A petitioner isn't entitled to a federal evidentiary hearing "if his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Young v Herring*, 938 F2d 543, 560 (5th Cir 1991), quoting *Blackledge v Allison*, 431 US 63, 74 (1977); see also *Washington v Davis*, 715 F Appx 380, 385 (5th Cir 2017, *per curiam*).

Andrus presents nothing but conclusory assertions that the Board erred in denying his release to parole. Dkt 4. An evidentiary hearing isn't necessary where nothing establishes a pertinent factual dispute that requires development in order to assess the claims. *Robison v Johnson*, 151 F3d 256, 268 (5th Cir 1998) (internal quotations omitted). To the contrary, all issues raised in this case can be and have been resolved based on the pleadings.

The motion for evidentiary hearing will be denied. Dkt 4.

5. Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 USC § 2253(c)(2). This requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 US 473, 484 (2000).

The Court finds that jurists of reason wouldn't debate

whether any assessment of the constitutional claims in this case was correct. As such, Andrus hasn't made the necessary showing to obtain a certificate of appealability.

A certificate of appealability will be denied.

6.   Conclusion

The petition by Andrus for a federal writ of *habeas corpus* is DENIED. Dkt 1.

This case is DISMISSED WITH PREJUDICE.

The motions for leave to proceed *in forma pauperis* are GRANTED. Dkts 3, 9.

The motion for evidentiary hearing is DENIED. Dkt 4.

The motion for leave to file a federal petition is GRANTED. Dkt 5.

The motions for leave to amend his federal petition are GRANTED. Dkts 8, 10.

Any other remaining motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

SO ORDERED.

Signed on March 30, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

10